Phillip T. Whiteaker, Judge, concurring. I concur in the majority’s determination. Under the specific facts and circumstances of this case, sufficient evidence was presented to find that 1) the appellant used ha controlled substance within 24 hours of the delivery of her child; 2) the child tested positive for the controlled substance after birth; and 3) the controlled substance was transferred from the appellant to the child through the umbilical cord. These facts are sufficient to prove that the appellant “otherwise introduced” a controlled substance “into the human body of another person” — in this instance, her newborn child — through the umbilical cord after the child was born. See Ark. Code Ann. § 5-13-210 (Repl. 2013). I write separately simply to express my belief that, while this factual scenario may technically fit within the parameters of the statute as written, I do not believe the legislature intended for the statute to be utilized in this manner. If the legislature does in fact intend this statute to apply to an in útero transfer of a controlled substance from a mother to her child, it should amend the statute to make its intent patently clear.